By the Court.—Monell, J.
The testimony furnished by the plaintiff, if true, established that the contract with Fellows belonged to her. The money, paid on it was her property, and the assignment to Genet was for her Benefit, and was intended to vest her with the title. No *467 express trust was created in writing, "but a trust "by parol to the effect that Genet should hold the contract for her "benefit. Such testimony also established that the assignment of the contract by Genet in blank was to enable plaintiff’s husband, with her consent, to transfer it absolutely, or hypothecate it as security for a loan; and that he did cause it to be assigned to the defendant as such security.
The evidence of the fender demand and refusal was sufficient.
The first two grounds of the motion to dismiss called upon the court to determine as a matter of law, not that the evidence was insufficient, but that it was not true. That was so clearly a question for the jury, that it is not to be presumed the decision of the court was put upon that ground.
The facts, however, present two questions of law, upon one or both of which, doubtless, the decision rested.
First. Whether the cash payments on the contract were made with the plaintiff’s money.
Any property (personal) of the plaintiff, which had been reduced to actual possession by her husband, prior to the Married Woman’s Acts of 1848-9, became his property absolutely. Whatever may have become of the four or five thousand dollars, the separate property of the plaintiff at her marriage, it appears, primeo facie, at least, that as late as 1854 and 1857, she acquired other money, which went into her husband’s hands creating him her debtor. There is no evidence that she intended it as a gift, and the law would create the relation of debtor and creditor.
Whether, therefore, the money paid on the Fellows contract was paid directly by the plaintiff, or indirectly through her husband, if such was the case, the contract became hers, at least in equity.
But even if the husband advanced the payments from *468 his own. resources, it was competent for him, at anytime, to recognize as a debt any money he had previously received from his wife, and liquidate it by the transfer of the contract (Foote v. Bryant, 47 N. Y. R. 544).
'These questions might be affected if raised by creditors of the husband, but as between these parties, there was a good and sufficient consideration for the transfer to Genet, and such transfer gave her the beneficial interest in the contract, if the circumstances under which Genet took it were such as to create a valid trust in her favor, which can be enforced in this action.
Second. Was the trust valid %
The trust had respect to personal property. The contract, being executory, was a mere chose in action, and the trust could be'by parol with which the statute of uses and trusts has nothing to do (Kane v. Gott, 24 Wend. 641 ; Savage v. Burnham, 17 N. Y. R. 561; Bunn v. Vaughan, 5 Abb. P. N. S. 269). But even if it was otherwise, it was, nevertheless, a trust not affected by the statute. In Foote v. Bryant (ubi sup.) the court, say, “the statute does not preclude a party from establishing any implied or resulting trust known or recognized by the common law. They arise usually from the acts or relation of the parties to the property involved, and not upon parol agreements.” “ The transactions out of which a trust of this character arises may be proved by parol, but the trust itself must rest upon the actsnor situation of the parties as proved, and not merely upon their declarations. The statute embraces only trusts which are created or declared by the parties.”
Under the authority of that case, without going farther, it seems to me clear that the trust proven in this case was valid. The1' nature of it was this: the plaintiff’ s husband held a contract for the sale of lands. He says the cash payments were made with her money, *469 and that he took the contract for her benefit. But it is quite immaterial whether it was her money or his money ; or whether he took the contract originally for her benefit. The evidence was sufficient primé facie, ¡. that he was indebted to the plaintiff, and that he made ; the assignment to Genet for her. Genet, therefore, took as trustee, and held the contract in trust for her.
The subsequent transactions did not divest the trust, or change the relations of any of the parties. The assignment executed by Genet in blank was with the plaintiff’s consent; and Hazewell, her husband, doubtless could have made an unconditional, absolute transfer of the contract to the defendant. But the evidence shows that he assigned and pledged it as security for a loan.
As the case stood when the motion to dismiss was made, the plaintiff had made a prima fade case. She was the real party in interest; the consideration for the transfer of the contract moved from her; the trust was valid; the contract was the subject of conversion, and the proof of the conversion was sufficient.
It was error, therefore, to dismiss the complaint.
The exceptions should be sustained, the order dismissing the complaint vacated, and a new trial granted, with costs to the plaintiff to abide the event.
Curtis and Sedgwick, JJ., concurred.